The Opinion oe the Court. — The third error assigned, is, that the circuit court erred ⅛ refusing the testimony of Rawley Day upon the trial. This objection seems to this court to be well founded.
it doeq not appear from the bill of exceptions, that he had any direct or certain interest in the event of the suit, or that the question to be tried between the plaintiff apd defendant vyould certainly affect,his interest, if decided, either way. The witness was not an qriginal joint undertaker of the work, and therefore in no way responsible to the plaintiff, nor could he be responsible as a partner to the defendant. If responsible to the defendant at, all, it would be only on, the contract between the plaintiff and the witness as his hireling.
The bill of exceptions shews too th;\t the defendant and witness had settled for the work done by the witness, and that a receipt had passe,d for it.
The witness haying done part of the work, no doubt, would produce some bias on his mind in favor of the defendant; but that would oply go to , his credibility, and< not to his competency. And if there be a bare pos-f, or even a remote probability, of some indirect *118 interest, the objection can only be considered in the same! light. In cases where it is doubtful whether the witness is interested or not, it is generally better to let the objection go to the credibility only. A witness should not be excluded altogether, unless his interest certainly appears.
This court is therefore of opinion, that the circuit court erred in refusing to permit Rawley Day ta. be sworn as a witness.-Judgment reversed.*

 See Wright vs. Nichols, fall term 1808, as to objections to the. compe tency of a witnefs.